<u>NOT FOR PUBLICATION</u>

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

|  |  |
|---|---|
| ASLAN T. SOOBZOKOV,<br><br>               Plaintiff,<br><br>v.<br><br>ERIC P. HOLDER, ET AL.,<br><br>               Defendants. | Civ. No. 10-6260 (DRD)<br><br><u>**O P I N I O N**</u> |

*Appearances by:*

Aslan T. Soobzokov, Esq.
1029 Main Street
P.O. BOX 885
Paterson, New Jersey 07533

    *Pro Se Plaintiff*

United States Attorney's Office
District of New Jersey
by: Paul J. Fishman, Esq.
    Susan Handler-Menahem, Esq.
970 Broad Street, Suite 700
Newark, New Jersey 07102

    *Attorneys for Defendants.*

<u>**DEBEVOISE, Senior District Judge**</u>

       This matter arises out of the murder of Plaintiff Aslan T. Soobzokov's father, Tscherim

Soobzokov ("Tscherim") in the summer of 1985. Dissatisfied that, after twenty-five years, no

arrests have been made and no indictments issued, Mr. Soobzokov filed a Complaint for damages against Defendants United States Attorney General Eric P. Holder, Paul Fishman, United States Attorney for the District of New Jersey, Robert S. Muller, III, Director of the FBI, and Michael B. Ward, FBI Supervisory Agent in Charge of Newark, New Jersey, in their official capacities, for violations of Administrative Procedure Act ("APA"), 5 U.S.C. § 701 *et. seq.*, 42 U.S.C. § 1983 ("Section 1983"), and for emotional distress.  Mr. Soobzokov also filed a Petition for Writ of Mandamus pursuant to 28 U.S.C. § 1361 seeking (1) to compel Defendants to disclose the results of their investigation into his father's murder, (2) the creation of a neutral body to review Defendants' investigation, and (3) to transfer the investigation files to a different jurisdiction for investigation and prosecution of certain suspects.

Defendants now move to dismiss Mr. Soobzokov's claims.  For the reasons set forth below, Defendant' motion is granted.  Mr. Soobzokov is not entitled to mandamus relief because he cannot show that Defendants committed a clear abuse of discretion or usurpation of judicial power.  Mr. Soobzokov's claim under the APA is barred because the decision whether to arrest and prosecute an individual is committed to agency discretion.  Similarly, his claim for emotional distress is barred by the Federal Tort Claims Act because it is based upon the exercise of a discretionary function.  Finally, his claims under Section 1983 are barred because the statute does not apply to federal officers acting in their official capacities.

## I. BACKGROUND

Mr. Soobzokov, an attorney licensed to practice in the State of New Jersey, is seeking to find and hold responsible the individuals that brutally murdered his father.  On August 15, 1985, a bomb was sent to his house and detonated, critically injuring his father.  A few weeks later, on September 6, 1985, Tscherim died due to the injuries he sustained from the bombing.

2

The August 15 bombing was not the first attempt on Tscherim's life.  In July 1979, a bomb was mailed to the Soobzokov home in a cigar box.  Fortunately, the Paterson Police department intercepted the device.  The FBI investigated the 1979 bombing but apparently made no arrests.  At the same time, the United States Department of Justice ("DOJ") had initiated denaturalization and deportation proceedings against Tscherim due to suspicions that he was a Nazi war criminal.[1]

The FBI and DOJ also investigated the 1985 bombing but have not made any arrests.  On November 21, 2005, dissatisfied with the results of the latter investigation and under the impression that it was closed, Mr. Soobzokov filed a Complaint and Order to Show Cause in this Court to compel the FBI and DOJ to reopen the investigation.  See Soobzokov v. Gonzales, No. 05-5486.  On May 11, 2006, Mr. Soobzokov withdrew the Complaint because the FBI submitted an affidavit stating that the investigation was active and ongoing.

Mr. Soobzokov alleges that he subsequently received a substantial number of documents from the CIA, FBI, and National Archives, pursuant to a Freedom of Information Act request, indicating that the DOJ and FBI had not been actively pursuing the investigation into his father's murder.  Specifically, he alleges that, in 1989, the FBI provided sufficient evidence to the DOJ on which to procure arrest warrants against three suspects but that the DOJ failed to do so.[2]

---

[1] According to Mr. Soobzokov, the DOJ and United States Attorney's Office for the District of New Jersey conducted three separate investigations into whether his father was a Nazi war criminal.  In the first two investigations, two grand juries were empanelled but did not return an indictment.  The third investigation was conducted by the DOJ's Office of Special Investigations, in 1979, not long before the failed cigar box bombing.  That investigation resulted in deportation and denaturalization proceedings that were ultimately dismissed in 1980.

[2] He further alleges that these suspects now reside in Israel and that no attempts have been made to extradite them.

On that basis, he contends that the investigation has been closed since 1989, and, as a result, the aforementioned 2005 affidavit submitted the FBI was "disingenuous."[3] (Compl. ¶ 16.) He further contends that the failure to investigate his father's murder is rooted in "political influence," (Compl. ¶ 20), namely the prior allegations that Tscherim was a Nazi war criminal.[4]

On December 2, 2010, Mr. Soobzokov filed a Complaint against Defendants in their official capacities, asserting causes of action under the APA, Section 1983 for violations of the Due Process Clause of the Fifth and Fourteenth Amendments and the Equal Protection Clause of the Fourteenth Amendment, and for emotional distress. Mr. Soobzokov also filed a Petition for a Writ of Mandamus under 28 U.S.C. § 1361 to seeking (1) to compel Defendants to disclose the results of their investigation into his father's murder, (2) the creation of a neutral body to review Defendants' investigation and determine "whether bias existed" and whether Defendants violated 42 U.S.C. § 1985, and 1986, (Compl. ¶ 26.), and (3) to transfer the investigation files to a different jurisdiction for investigation and prosecution of certain suspects.

## II. DISCUSSION

Defendants now move to Dismiss Mr. Soobzokov's Complaint under Federal Rule of Civil Procedure 12(b)(1) and 12(b)(6). In doing so, they argue that (1) Mr. Soobzokov has no standing to bring claims under the APA and Section 1983; (2) the Court lacks jurisdiction to provide the mandamus relief sought; (3) the doctrine of sovereign immunity bars Mr.

---

[3] Mr. Soobzokov alleges that he received a letter from then United States Attorney for the District of New Jersey Chris Chistie that the investigation into his father's murder was closed. However, at oral argument, Defendants represented that the investigation was still open and ongoing.

[4] While the Court recognizes the hurtful nature of these allegations, they do not provide a basis on which to find that the investigation was tainted. Prosecutors often investigate crimes committed against those who themselves may be suspected of (or even prosecuted for) having committed crimes. Furthermore, prosecutors have a duty to fully investigate and prosecute crimes committed against all persons, no matter who the victim.

Soobzokov's claim under Section 1983 against Defendants in their official capacities; (4) the APA does not apply to the investigation and prosecution of a crime by a federal agency; and (5) the Court lacks jurisdiction over Mr. Soobzokov's claim for emotional distress.

### A. Standard of Review

In assessing Defendants' arguments, the Court must apply the standard of review applicable to requests for dismissal pursuant to Federal Rule of Civil Procedure 12(b)(6). That Rule permits a court to dismiss a complaint for failure to state a claim upon which relief can be granted. When considering a Rule 12(b)(6) motion, the court must accept the factual allegations in the complaint as true and draw all reasonable inferences in favor of the plaintiff. Morse v. Lower Merion Sch. Dist., 132 F.3d 902, 906 (3d Cir. 1997). The Court's inquiry, however, "is not whether plaintiffs will ultimately prevail in a trial on the merits, but whether they should be afforded an opportunity to offer evidence in support of their claims." In re Rockefeller Ctr. Prop., Inc., 311 F.3d 198, 215 (3d Cir. 2002).

The Supreme Court recently clarified the Rule 12(b)(6) standard in two cases: Ashcroft v. Iqbal, 129 S. Ct. 1937 (2009), and Bell Atlantic Corp. v. Twombly, 550 U.S. 544 (2007). The decisions in those cases abrogated the rule established in Conley v. Gibson, 355 U.S. 41, 45-46 (1957), that "a complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim, which would entitle him to relief." In contrast, Bell Atlantic, 550 U.S. at 545, held that "[f]actual allegations must be enough to raise a right to relief above the speculative level." Thus, the assertions in the complaint must be enough to "state a claim to relief that is plausible on its face," id. at 570, meaning that the facts alleged "allow[] the court to draw the reasonable inference that the defendant is liable for the conduct alleged." Iqbal, 129 S. Ct. at 1949; see also, Phillips v.

County of Allegheny, 515 F.3d 224, 234-35 (3d Cir. 2008) (In order to survive a motion to dismiss, the factual allegations in a complaint must "raise a reasonable expectation that discovery will reveal evidence of the necessary element," thereby justifying the advancement of "the case beyond the pleadings to the next stage of litigation.").

When assessing the sufficiency of a complaint, the Court must distinguish factual contentions – which allege behavior on the part of the defendant that, if true, would satisfy one or more elements of the claim asserted – from "[t]hreadbare recitals of the elements of a cause of action, supported by mere conclusory statements." Iqbal, 129 S. Ct. at 1949. Although for the purposes of a motion to dismiss the Court must assume the veracity of the facts asserted in the complaint, it is "not bound to accept as true a legal conclusion couched as a factual allegation." Id. at 1950. Thus, "a court considering a motion to dismiss can choose to begin by identifying pleadings that, because they are no more than conclusions, are not entitled to the assumption of truth." Id.

When a claim is dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6), leave to amend and reassert that claim is ordinarily granted. In re Burlington Coat Factory Litig., 114 F.3d 1410, 1434 (3d Cir. 1997). A claim may be dismissed with prejudice, however, if amending the complaint would be futile. Id. "Futile," as used in this context, means that the complaint could not be amended to state a legally-cognizable claim. Id. (citing Glassman v. Computervision Corp., 90 F.3d 617, 623 (1st Cir. 1996)).

**B.     Standing**

Defendants argue that Mr. Soobzokov has no standing to bring the claims asserted in the Complaint, except that for emotional distress, because he has failed to allege an injury in fact. Mr. Soobzokov maintains that he has standing to bring those claims because Defendants' failure

to arrest and prosecute those responsible for his father's murder caused emotional pain and suffering to Mr. Soobzokov and his family.

Standing is a jurisdictional prerequisite under Article III of the United States Constitution. "Under Article III, the Federal Judiciary is vested with the "Power" to resolve not questions and issues but 'Cases' or 'Controversies.'" Arizona Christian Sch. Tuition Org. v. Winn, 131 S.Ct. 1436, 1441 (2011). "To state a case or controversy under Article III, a plaintiff must establish standing." Id. at 1442 (citing Allen v. Wright, 468 U.S. 737, 751 (1984)). The Supreme Court explained the elements of standing in Lujan v. Defenders of Wildlife, 504 U.S. 555 (1992):

> "First, the plaintiff must have suffered an 'injury in fact'—an invasion of a legally protected interest which is (a) concrete and particularized, and (b) 'actual or imminent, not "conjectural" or "hypothetical." ' Second, there must be a causal connection between the injury and the conduct complained of—the injury has to be 'fairly ... trace[able] to the challenged action of the defendant, and not ... th[e] result [of] the independent action of some third party not before the court.' Third, it must be 'likely,' as opposed to merely 'speculative,' that the injury will be 'redressed by a favorable decision.'" Id. at 560–561, 112 S.Ct. 2130 (citations and footnote omitted).

A particularized injury is one that "affect[s] the plaintiff in a personal and individual way." Id. at 560, n. 1, 112 S.Ct. 2130.

Mr. Soobzokov has satisfied the elements of standing. He alleges to have personally suffered emotionally as a result of Defendants' failure to vigorously investigate and prosecute several suspects for the murder of his father, and his request for damages and an independent inquiry into Defendants' investigation will likely redress his suffering.

Defendants further argue that Mr. Soobzokov lacks standing because this Court cannot review the exercise of prosecutorial discretion or provide the mandamus relief sought. This argument fundamentally misconstrues the nature of standing. "The standing inquiry focuses on whether the plaintiff is the proper party to bring [] suit," not on its merits. Raines v. Byrd, 521

7

U.S. 811, 818 (1997) (citation omitted); see also NRDC, Inc. v. EPA, 25 F.3d 1063, 1067 (D.C. Cir. 1994) (plaintiff's right to relief does not affect whether he or she has established a cognizable injury for purposes of standing); Construction Industry Retirement Fund of Rockford, Ill. v. Kasper Trucking, Inc., 10 F.3d 465, 467 (7th Cir. 1993) ("a litigant doomed to lose does not for that reason lack standing to sue"); Hill v. City of Houston, 764 F.2d 1156, 1159-60 (5th Cir. 1985) ("Standing involves whether this plaintiff is a proper party to request an adjudication of the particular issue. This is a separate inquiry from whether the party should prevail. In fact, it is not proper for the court to consider the likelihood of success on the merits in determining the plaintiff's standing to proceed."). Thus, whether the Court can provide the relief sought is a distinct issue from whether the relief sought is likely to redress the alleged injury.

**C.     Mandamus Relief**

Defendants correctly argue that the Court has no jurisdiction to provide the mandamus relief sought by Mr. Soobzokov under 28 U.S.C. § 1361. 28 U.S.C. § 1361 states that "[t]he district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." To receive mandamus relief, a plaintiff must demonstrate (1) "a clear abuse of discretion . . . or conduct amounting to usurpation of the judicial power," (2) that he or she lacks an alternative remedy, and (3) that their right to the requested relief is "clear and indisputable." Mallard v. U.S. Dist. Court for the Southern Dist. of Iowa, 490 U.S. 296, 309 (1989) (internal quotations and citations omitted).

Here, Mr. Soobzokov cannot show that Defendants clearly abused their discretion or usurped judicial power by failing to arrest and prosecute the suspects whom he alleges were responsible for the murder of his father because it is well-settled that "the executive branch has

exclusive authority and absolute discretion to decide whether to prosecute a case." United States v. Nixon, 418 U.S. 683, 693 (1974). More specifically, "[t]he Attorney general and United States Attorneys retain broad discretion to enforce the Nation's criminal law."[5] United States v. Armstrong, 517 U.S. 456, 464 (1996) (quotations and citations omitted). "They have this latitude because they are designated by statute as the President's delegates to help him discharge his constitutional responsibility to 'take Care that the Laws be faithfully executed.'" Id. (quoting U.S. Const., Art. II § 3). The Court recognizes that Mr. Soobzokov and his family lack closure in this case and can only imagine their emotional pain and suffering over the past twenty-five years. Nonetheless, the Court does not have jurisdiction to provide the mandamus relief sought. Thus, Mr. Soobzokov's Petition for a Writ of Mandamus is denied.

**D.     The APA**

Defendants also correctly argue that Mr. Soobzokov's claim under the APA fails because the statute "does not apply to agency action committed to agency discretion." (Def.'s Br. Supp. Mot. Dismiss 15.) The APA provides that "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute, is entitled to judicial review thereof." 5 U.S.C. § 702. However, agency action is not entitled to judicial review "to the extent that" such action "is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). As previously discussed, the decision whether or not to arrest and

---

[5] To be sure, prosecutorial discretion is not absolute. For example, selective prosecution "based on an unjustifiable standard such as race, religion, or other arbitrary classification" is a violation of the Equal Protection Clause of the Fourteenth Amendment. Armstrong, 517 U.S. at 464 (quotation and citation omitted). In addition, decisions whether to prosecute may not be motivated by a desire to chill the exercise of constitutional rights. See Dombrowski v. Pfister, 380 U.S. 479, 486-87 (1965). Here, however, there are no allegations that the DOJ's decision not to prosecute certain individuals was based on an arbitrary classification or intended to have a chilling effect on constitutional rights.

9

prosecute an individual in connection with a crime is within Defendants' discretion.  Therefore, Mr. Soobzokov's claim under the APA is dismissed.

**E.     Section 1983**

Section 1983 provides that "[e]very person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress."  42 U.S.C. § 1983.

Section 1983 does not create substantive rights; rather "it provides only remedies for deprivations of rights established elsewhere in the Constitution or federal laws."  Kneip v. Tedder, 95 F.3d 1199, 1204 (3d Cir. 1996).  In order to establish a prima facie case, a plaintiff must show that (1) that the conduct complained of was committed by a person acting under color of state law; and (2) that the conduct deprived the plaintiff of his rights, privileges, or immunities secured by the Constitution or laws of the United States.  Powell v. Ridge, 189 F.3d 387, 400 (3d Cir.1999).

Consequently, Section 1983 does not apply to the federal government or its officers in their official capacities.[6]  See Wheedlin v. Wheeler, 373 U.S. 647, 652 (1963).  Because Mr. Soobzokov is suing Defendants in their official capacities as federal officers, his claim under Section 1983 is dismissed.

**F.     Emotional Distress**

---

[6] Federal officers may be sued under Section 1983 only if they act in concert with state or local officials to violate the Constitution or laws of the United States.  See Dumbrowski v. Eastland, 387 U.S. 82, 83 (1967).

The Federal Tort Claims Act ("FTCA") governs tort actions for damages against the United States and its employees. See 28 U.S.C. § 1346(b)(1). The FTCA explicitly bars claims "based upon the exercise or performance or the failure to exercise of perform a discretionary function or duty on the part of the federal agency or an employee of the Government, whether or not the discretion involved be abused." 28 U.S.C. § 2680(a). As discussed previously, Mr. Soobzokov is suing Defendants for acts and omissions that fall squarely within their prosecutorial discretion. Therefore, his claim for emotional distress is barred by the FTCA.

### III.  CONCLUSION

For the foregoing reasons, Defendants' Motion to Dismiss is GRANTED. Mr. Soobzokov's Complaint is dismissed in its entirety with prejudice and his Petition for a Writ of Mandamus is denied.

The Court will enter an order implementing this opinion.

  /s/Dickinson R. Debevoise_____
DICKINSON R. DEBEVOISE, U.S.S.D.J.

Dated: June 7, 2011